IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| SEAN BOWIE | § | JUDGE |
| | § | |
| Plaintiff, | § | MAGISTRATE |
| | § | |
| V. | § | |
| | § | C.A. _____ |
| NEW ORLEANS PUBLIC | § | |
| BELT RAILROAD | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now respectfully comes Plaintiff, Sean Bowie, complaining of New Orleans Public Belt Railroad ("NOPB") and would show the Court the following:

### I.
### Jurisdiction

1. Plaintiff's claims against NOPB are maintained under the provisions of the Federal Employer's Liability Act, 45 U.S.C., § 51, *et seq*.

### II.
### Parties

2. Plaintiff resides in New Orleans, Louisiana.

3. NOPB is a switching railroad owned and operated by the City of New Orleans and doing business within this District and Division and may be served with process by serving the Mayor of the City of New Orleans at the Office of the Mayor, Suite 2E04, 1300 Perdido Street, New Orleans, Louisiana 70112.

### III.
### Venue

4. Venue is proper in this District because NOPB maintains its principal place of business in this District and does a substantial amount of its business in this District and Division and is therefore subject to this Court's jurisdiction.

### IV.
### Nature of the Action

5. This lawsuit is necessary as a result of injuries sustained by Plaintiff on or about September 4, 2010.

6. At all times mentioned in this Complaint, NOPB was a common carrier by railroad engaged in interstate commerce and Plaintiff was employed by NOPB to further those activities.

7. On or about September 4, 2010, Plaintiff was working in the course and scope of his employment with NOPB as a conductor when he was injured as a result of the locomotive on which Plaintiff was working colliding at an excessive rate of speed with a standing cut of cars. The collision caused Plaintiff, who was riding on the outside of the locomotive, to spin and strike his back on the side of the locomotive.

8. As a result of the collision, Plaintiff sustained injuries to his neck, back and other parts of his body.

9. The injuries Plaintiff sustained were due in whole or in part to the negligence of NOPB, its agents, servants or employees acting in the course and scope of their employment for NOPB. Specifically, NOPB failed to provide Plaintiff with a reasonably safe place to work.

## V.
## Cause of Action

### FELA NEGLIGENCE – COUNT 1

10. Plaintiff will show that NOPB was negligent in the following respects:

   a. Failing to provide proper supervision;

   b. Failing to properly inspect the locomotive;

   c. Failing to properly train its employees;

   d. Failing to properly maintain the locomotive;

   e. Operating its trains in an unsafe manner;

   f. Failing to keep a proper lookout;

   g. Failing to apply the brakes of the locomotive in time to prevent it from colliding with the standing cut of cars;

   h. Failing to ensure that the brakes on the locomotive were in good working order; and,

   i. Operating its trains in a defective condition.

### STRICT LIABILITY- VIOLATION OF FEDERAL LOCOMOTIVE SAFETY STATUTE 49 U.S.C. §20701-COUNT II

11. At the time of his injury, Plaintiff was working on a locomotive in use on NOPB's line. The locomotive in question was not in proper condition and safe to operate without unnecessary danger of personal injury. This condition constituted a violation of Federal Safety Statute 49 U.S.C §20701 and the regulations promulgated pursuant to 49 U.S.C §20701. Defendant's violation of said federal statute was a cause, in whole or in part, of Plaintiff's injuries and damages.

## STRICT LIABILITY-VIOLATIONS OF FEDERAL RAILROAD ADMINISTRATION REGULATIONS
## 49 U.S.C. §229.9 through 229.59-COUNT III

12. Additionally and alternatively, Plaintiff will show that at all times mentioned in this Complaint, the locomotive in question was in such a condition that it was not safe to operate without unnecessary danger of personal injury and NOPB failed to comply with the provisions of 49 USC §229.9 with respect to moving the locomotive in its unsafe condition.

13. Additionally and alternatively, the locomotive in question was in use on NOPB's line and was in violation of 49 USC §§ 229.21 through 229.29 because it had not been inspected and/or tested in compliance with those regulations.

14. Additionally and alternatively, the locomotive in question was in use on NOPB'S line and was in violation of 49 USC § 229.45 because it was not free from conditions that endangered the safety of the crew including Plaintiff.

15. Additionally and alternatively, the locomotive in question was in use on NOPB's line and was in violation of 49 USC § 229.46 *et seq.* because the brakes on the locomotive did not operate as intended.

16. The violations of the above regulations, among others, in whole or in part, caused the occurrence made the basis of this suit and the injuries and damages which Plaintiff suffered.

## VI.
## Damages

17. As a result of these and other negligent acts and omissions of NOPB, Plaintiff sustained severe and permanent injuries to his neck, back and other parts of his body.

18. Plaintiff's injuries have resulted in physical pain, mental anguish, physical impairment, discomfort, and loss of wages in the past, loss of future wage earning capacity, the

expense of past medical treatment and the costs associated with future medical care necessitated by his injuries.

19. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Sean Bowie, prays that he have judgment against NOPB in a total sum in excess of the minimum jurisdictional limits of this Court, plus post-judgment interest, all costs of Court, and for such other and further relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully Submitted,

**BROUSSARD & DAVID, L.L.C.**

/s/Blake R. David
_____
Mr. Blake R. David
Bar Roll No. 27427
Broussard & David, L.L.C.
600 Jefferson Street, Suite 700
Post Office Box 3524
Lafayette, Louisiana 70502-3524
337-233-2323 – Phone
337-233-2353 – Fax
**ATTORNEY FOR PLAINTIFF
SEAN BOWIE**