UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SEAN BOWIE                                                          CIVIL ACTION

VERSUS                                                              NO. 11-755

NEW ORLEANS PUBLIC BELT RAILROAD                                    SECTION "H" (3)

**ORDER**

On February 1, 2012, Plaintiff's Motion to Compel and for Sanctions [Doc. #37] came on for oral hearing before the undersigned. Present were Kenneth Ross Citti on behalf of plaintiff and Patrick Talley on behalf of defendant. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition, the case law and the parties' oral arguments, the Court rules as follows.

**I.    Background**

Defendant employed plaintiff as a conductor. On or about September 4, 2010, plaintiff was injured in the course and scope of his employment when the locomotive on which he was working collided at an excessive rate of speed with a standing cut of cars. The collision caused plaintiff, who was riding on the outside of the locomotive, to spin and strike his back on the side of the locomotive.

Plaintiff sues defendant in negligence under the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, and in strict liability under the Federal Locomotive Safety Statute, 49 U.S.C. § 20701, and the Federal Railroad Administration Regulations, 49 U.S.C. §§ 229.9-229.59.

## II. The Parties' Arguments

### A. Plaintiff's Motion to Compel and for Sanctions

When defendant responded untimely to plaintiff's discovery requests, plaintiff asked it to amend its responses to remove the objections that it had waived by untimely responding. Although defendant informed plaintiff that it would not assert any of its objections (two days before the hearing on an earlier motion to compel), defendant allegedly continues to do so.

Plaintiff contends that defendant deliberately (1) withheld large portions of plaintiff's personnel file until after it had deposed plaintiff; (2) withheld a handwritten statement made after the accident by one of plaintiff's supervisors, a statement that allegedly contradicts defendant's statement that the accident occurred at a slow speed (because a "drawbar" was broken); (3) refused to provide dates for depositions of its witnesses; and (4) refused to provide meaningful downloads from the event recorder on the locomotive.

Plaintiff argues that this behavior has prejudiced him because (1) he sat for his deposition before he had all of the relevant documents; (2) his experts were forced to tender their reports within the Court's deadline without the benefit of relevant documents; and (3) he does not have the necessary background information to depose all of defendant's witnesses.

Plaintiff seeks:

1. an order requiring defendant to respond fully to Plaintiff's Second and Third Requests for Production within three days of the Court's Order;
2. an order requiring defendant to immediately produce the broken drawbar for inspection;
3. an order setting a date certain for the depositions of Michael Majoue, Sr.; John McCrossen; Alvie Mixon, Jr.; Gary Naquin and Michael McMillan after defendant has produced the documents and things requested in Plaintiff's

2

    Second and Third Requests for Production and after plaintiff conducts an inspection of the broken drawbar;
4.  an award of sanctions pursuant to Federal Rule of Civil Procedure 37 in an amount sufficient to compensate plaintiff for the time and expense incurred as a result of defendant's discovery abuse, including the fees and expenses associated with plaintiff's site inspection and an amount sufficient to punish defendant for its abuse of the discovery process and obtain its cooperation in the future. Plaintiff will present evidence of actual fees and expenses incurred as a result of defendant's conduct as directed by the Court.
5.  an enlargement of the time for plaintiff to tender his final expert reports.

**B. Defendant's Opposition**

Defendant argues that it fully responded to plaintiff's discovery requests, which far exceeded the number allowed by the federal rules. Defendant notes that it has produced over 700 pages of documents and has consistently supplemented its production.

With regard to the drawbar, defendant contends that plaintiff misconstrues the handwritten statement. Defendant attaches the declaration of John McCrossen, who investigated the incident on defendant's behalf, in which McCrossen attests that no broken drawbar exists.

As to the event recorder data, defendant maintains that it has produced all event recorder data on the date of the incident from 2:00 p.m. to 5:00 p.m. Plaintiff began work at 2:30 p.m. and alleges that the accident occurred at approximately 3:15 p.m. Defendant argues that such production was expensive, and plaintiff seeks the event recorder data for 48 hours. Defendant argues that such a request is unduly burdensome and prohibitively expensive. Should the Court order the production, defendant asks that plaintiff pay for it.

With regard to the depositions, defendant contends that they were scheduled on October 28, 2011 but unilaterally cancelled by plaintiff. Defendant argues that plaintiff then waited until

December 15, 2011 to request new dates, defendant offered the week of January 9, 2012, but plaintiff never confirmed the dates. Defendant informed plaintiff that January 13, 2012 was an available date, but plaintiff refused the date and filed his motion. Defendant has since offered other dates, all allegedly refused by plaintiff.

Defendant contends that plaintiff can not demonstrate prejudice. Defendant asserts that plaintiff's deposition and his recollection of events should not be based on documents that it has produced. Defendant notes that it voluntarily agreed to the site inspection, and plaintiff's experts conducted a full inspection with no restrictions. Indeed, defendant notes that one of plaintiff's experts even failed to show for the inspection.

With regard to the second requests for production, defendant contends that it has timely and adequately responded to them. With regard to the third set, defendant argues that the motion is premature as responses are not due until January 27, 2012.

**III.     Law and Analysis**

With regard to the second requests for production and the third requests for production, the motion is dismissed as moot in part because defendant has responded to the requests. In his motion, plaintiff did not point to a specific request to which defendant has not responded. Indeed, the Court's review of the exhibits attached to plaintiff's motion reveals that the second and third requests are not even attached to motion. Accordingly, the Court has no information as to the specific requests to which plaintiff contends that defendant failed to respond.

At the oral hearing, however, plaintiff specifically asked for (1) the event recorder data for 24 hours surrounding the accident; (2) the maintenance records on the locomotive on which plaintiff

4

worked for six months before and six months after the accident; (3) the identities of the crew members who worked on the same locomotive as plaintiff for the week before and the week after the accident; (4) the internal reports; and (5) the exhibits to the original transcript from the formal investigation.

After considering the parties' arguments at the oral hearing before the Court, the Court orders the production of the maintenance records on the locomotive for six months before and six months after the accident, the identities of the crew members who worked on the same locomotive as plaintiff for the week before and the week after the accident, and the exhibits to the original transcript from the formal investigation. The Court finds this information and/or documents to be reasonably calculated to lead to the discovery of admissible evidence, Fed. R. Civ. P. 26(b)(1), and defendant has not asserted a privilege as to this information nor provided the Court with a legitimate reason why such information can not be produced. Defendant shall produce this information to plaintiff **no later than seven (7) days from the date of this Order**.

Defendant argues that the internal reports are privileged. If it has not already done so, defendant shall produce a privilege log to plaintiff to allow plaintiff the opportunity to challenge any assertion of privilege **no later than seven (7) days from the date of this Order**.

With regard to the event recorder data, the Court grants the motion in part and orders defendant to produce such data for twelve (12) hours surrounding the accident. In other words, defendant shall produce the event recorder data from 9:00 a.m. until 9:00 p.m. on the date of the accident (the accident allegedly occurred at some point between 3:00 p.m. and 3:15 p.m.). The Court finds this information and/or documents to be reasonably calculated to lead to the discovery

of admissible evidence. Fed. R. Civ. P. 26(b)(1). At the oral hearing on the motion, counsel for plaintiff convinced the Court that more than three hours of event recorder data is necessary and may lead to evidence relevant at trial. Because the Court finds that such data from 24 and/or 48 hours surrounding the accident is unduly burdensome and prohibitively expensive, the Court will only order defendant to produce such data for twelve hours surrounding the accident. Defendant shall produce this information to plaintiff **no later than seven (7) days from the date of this Order**.

With regard to the production of the broken drawbar, the Court denies the motion as defendant contends that it does not exist. The Court can not order defendant to produce what it does not have.

With regard to the dates for the depositions, and if the parties have not already done so, the Court orders the parties to meet and confer **no later that five (5) days from the date of this Order** to schedule mutually-agreeable dates.

The Court further denies the request for sanctions. On the record before it, the Court can not find that defendant has abused the discovery process here. The Court finds that the discovery disputes in this lawsuit have been – for the most part – legitimate, and both parties have reasonably complied with their obligations under the Federal Rules of Civil Procedure.

With regard to the enlargement of time for plaintiff to tender his final expert reports, the Court denies the motion. Plaintiff must seek such relief from the District Court.

**IV.    Conclusion**

**IT IS ORDERED** that Plaintiff's Motion to Compel and for Sanctions [Doc. #37] is GRANTED IN PART, DENIED IN PART AND DISMISSED AS MOOT IN PART as outlined

above.

New Orleans, Louisiana, this 7th day of February, 2012

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**