UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEAN BOWIE | CIVIL ACTION |
| VERSUS | NO: 11-755 |
| NEW ORLEANS PUBLIC BELT RAILROAD | SECTION: "H"(3) |

### ORDER AND REASONS

Before the Court is Defendant New Orleans Public Belt Railroad's Motion for Partial Summary Judgment. (R. Doc. 177.) For the reasons that follow, the Motion is DENIED IN PART and GRANTED IN PART. The Motion is denied as to liability under 49 C.F.R. § 240.305 and is granted as to whether Plaintiff's claim under 49 C.F.R. § 240.305 is a strict liability claim as a matter of law.

### BACKGROUND

This Federal Employers' Liability Act (FELA) suit arises out of an alleged injury that occurred on or about September 4, 2010. (R. Doc. 161 ¶ 5.) Plaintiff Sean Bowie was working as a conductor for Defendant New Orleans Public Belt Railroad. At the time of the accident in which Plaintiff claims

1

he was injured, Plaintiff was riding on the outside of a locomotive. (*Id.* at ¶ 7.) Plaintiff alleges that he radioed Naquin—who was working as an engineer on the locomotive—and told him to "kick" a cut of two cars on Track 218. (R. Doc. 187.) The locomotive followed the two cars until the cars came to a stop, having "coupled" to a set of stationary cars that the crew had previously kicked into the track. (R. Doc. 177, Ex. A at 22–23.) The locomotive then contacted the group of standing cars. (R. Doc. 177, Ex. A at 22.) Plaintiff alleges that the locomotive was traveling at an excessive rate of speed in violation of 49 C.F.R. § 240.305, and that the force of the impact caused Plaintiff to sustain injuries to his neck, back, and other parts of his body. (R. Doc. 161 ¶ 7–8.) Defendant contends that the locomotive was not traveling at an excessive rate of speed and that Plaintiff knew the coupling was imminent and failed to communicate this fact to Naquin. (R. Doc. 177.) Furthermore, Defendant argues that Plaintiff did not at any time communicate any concerns to Naquin regarding the locomotive's rate of speed. (*Id.*)

On April 8, 2011, Plaintiff filed his Complaint, alleging negligence under FELA as well as various strict liability claims. (R. Doc. 1.) On May 16, 2012, Plaintiff amended his Complaint, eliminating his strict liability claims and adding a single strict liability claim for violation of 49 C.F.R. § 240.305. (R. Doc. 161.) On August 14, 2012, Defendant filed a Motion for Partial Summary Judgment seeking dismissal of Plaintiff's claim under 49 C.F.R. § 240.305 or, alternatively, a ruling that such claim is not one of strict liability. (R. Doc. 177.) Plaintiff opposed the Motion on August 21, 2012 (R. Doc. 186), and Defendant filed a Reply on September 10, 2012. (R. Doc. 197.) The Court

2

heard oral argument on September 12, 2012, and took Defendant's Motion under submission at that time. (R. Doc. 202.)

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2012). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that

evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial. *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted). "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

**LAW AND ANALYSIS**

Defendant requests the entry of partial summary judgment on the basis that Plaintiff cannot demonstrate a violation of 49 C.F.R. § 240.305. Alternatively, should it be determined that Defendant has not met its burden of demonstrating the absence of a genuine issue of material fact, Defendant asks this Court to rule that Plaintiff's claim under 49 C.F.R. § 240.305 is not a strict liability claim as a matter of law. (R. Doc. 177.) For the reasons that follow, the Court finds that Defendant has not met its burden of demonstrating the absence of a genuine issue of material fact and that Plaintiff's claim under 49 C.F.R. § 240.305 is not a strict liability claim as a matter of law.

I. <u>Whether Defendant Has Met Its Burden of Demonstrating the Absence of a Genuine Issue of Material Fact as to Liability Under 49 C.F.R. § 240.305</u>

The Court finds a genuine issue of material fact as to whether the locomotive was traveling

at an excessive rate of speed in violation of 49 C.F.R. § 240.305. Accordingly, summary judgment on this issue is denied.

Defendant argues that Plaintiff cannot demonstrate a violation of 49 C.F.R. § 240.305. The regulation reads in pertinent part:

> It shall be unlawful to: . . . (2) Operate a locomotive or train at a speed which exceeds the maximum authorized limit by at least 10 miles per hour. Where restricted speed is in effect, only those violations of the conditional clause of restricted speed rules (i.e., the clause that requires stopping within one half of the locomotive engineer's range of vision), or operational equivalent thereof, which cause reportable accidents or incidents under part 225 of this chapter, shall be considered instances of failure to adhere to this section[.]

49 C.F.R. § 240.305(a)(2). Specifically, Defendant argues that Plaintiff has not offered evidence that the locomotive *could not* stop in accordance with the regulation, i.e. that the train was traveling too fast to stop within one half of Naquin's range of vision as required by 49 C.F.R. § 240.305. (R. Doc. 177.) Rather, the evidence only supports a finding that the train *did not* stop before contacting the stationary cars. (R. Doc. 177, Ex. B at 40–41.) The latter, Defendant argues, is insufficient evidence of the former. (R. Doc. 177.)

In response, Plaintiff points to ample evidence which controverts Defendant's assertion that Naquin did not attempt to apply the brakes. First, immediately following the accident, Naquin prepared a handwritten statement in which he alleged that he attempted to apply the brakes before contacting the stationary cars. (R. Doc. 187, Ex. H.) Second, Plaintiff has consistently claimed

5

that Naquin told him that he (Naquin) attempted to apply the breaks (R. Doc. 187, Ex. A at 47.; Ex. F.) Third, Plaintiff alleges that Event Recorder data shows "increasingly hard brake applications" during the three seconds immediately preceding the collision. (R. Doc. 177, Ex. E.)

For the foregoing reasons, the Court finds that Defendant has not met its burden of demonstrating the absence of a genuine issue of material fact as to liability under 49 C.F.R. § 240.305. Thus, summary judgment on this issue is denied.

II.     Whether Plaintiff's Claim Under 49 C.F.R. § 240.305 is One of Strict Liability

The Court finds that Plaintiff's claim under 49 C.F.R. § 240.305 is not a strict liability claim as a matter of law. Accordingly, summary judgment on this issue is granted. In support of its motion, Defendant argues that neither the text of 49 C.F.R. § 240.305 nor the title of Part 240 or Part 240's stated purpose suggest that the regulation was "enacted for the safety of employees" within the meaning of 45 U.S.C. § 53. (R. Doc. 197.) Defendant cites case law in support of this interpretation. (R. Doc. 197; R. Doc. 177). In response, Plaintiff contends that 49 C.F.R. § 225.5, which is specifically referenced in 49 C.F.R. § 240.305, demonstrates that the latter is an employee safety statute. (R. Doc. 187.) Furthermore, Defendant disputes Plaintiff's assertion that no case law exists in support of Defendant's position. (*Id.*)

In an action brought under FELA, "the violation of a statute or regulation . . . automatically constitutes breach of the employer's duty and negligence *per se* will result in liability if the violation contributed in fact to the plaintiff's injury." *Walden v. Ill. Cent. Gulf R.R.*, 975 F.2d 361, 364 (7th Cir.

6

1992). The general rule is that an employee's recovery under FELA may be diminished in proportion to the employee's contributory negligence. *Cormier v. Ill. Cent. R.R. Co.*, No. 91–CV– 2234, 1991 WL 236554, at *1 (E.D. La. Oct. 28, 1991). An employee will not, however, be found guilty of contributory negligence "in any case where the violation by such common carrier of any statute enacted *for the safety of employees* contributed to the injury or death of such employee." *Neal v. Saga Shipping Co., S.A.*, 407 F.2d 481, 485 (5th Cir. 1969) (quoting 45 U.S.C. § 53) (emphasis added). The issue before the Court is thus whether 49 C.F.R. § 240.305 is a statute "enacted for the safety of employees" within the meaning of 45 U.S.C. § 53. The Court finds that it is not.

The text of 49 C.F.R. § 240.305 does not evince concern for employee safety any more so than it does concern for the safety of the traveling public or that of the locomotive and its cargo. Moreover, Part 240, *et seq*, is entitled "Qualifications and Certification of Locomotive Engineers," which suggests that the regulation is primarily concerned with the regulation of locomotive engineers. This interpretation is confirmed by 49 C.F.R. § 240.1 which states that the purpose of Part 240 is to "ensure that only qualified persons operate a locomotive or train" and to "prescribe[] minimum Federal safety standards for the eligibility, training, testing, certification and monitoring of all locomotive engineers to whom [Part 240] applies." 49 C.F.R. § 240.1(a-b).

The Secretary of Transportation has on occasion explicitly designated when a particular

7

railroad regulation was enacted in order to protect employees.[1] That the Secretary has not done so on this occasion is telling. For this Court to find that 49 C.F.R. § 240.305 is an employee safety statute would be to read language into the regulation and thereby thwart Executive and Congressional intent as well as the plain language of the text.

The Court also notes a dearth of persuasive case law in support of Plaintiff's position.[2] Plaintiff points to *Starling v. Union Pac.* in his opposition memorandum. (R. Doc. 187). In *Starling*, the magistrate judge noted that although the court was "inclined to rule in plaintiff's favor" regarding whether 49 C.F.R. § 240.305 constituted an employee safety statute within the meaning of 45 U.S.C. § 53, it was unnecessary to do so at that time, because plaintiff failed to carry its burden on summary judgment. *Starling v. Union Pac.*, 203 F.R.D. 468, 473 (D. Kan. 2001).

Rather, the better argument appears to be that 49 C.F.R. § 240.305 is not an employee

---

[1] *See, e.g.*, 49 C.F.R. § 214.1 ("The purpose of this part is to prevent accidents and casualties to employees involved in certain railroad inspection, maintenance and construction activities."); *see further Martin v. Burlington N. and Santa Fe R.R. Corp.*, 276 F. Supp. 2d 920, 928 (N.D. Ill. 2003) (finding that 49 C.F.R. § 214.335(a) and 49 C.F.R. § 214.343(a) are safety statutes within the meaning of 45 U.S.C. § 53 that bar the defense of contributory negligence).

[2] Two district courts have found that 49 C.F.R. § 240.305 is an employee safety statute under 45 U.S.C. § 53. In both cases, however, the court reached its decision with little or no analysis of the text of 49 C.F.R. § 240.305 or the regulation's legislative history. *See, e.g.*, *Fresquez v. Nat'l R.R. Passenger Corp.*, No. 2:02–CV–1166 TS, at *3 (D. Utah Feb. 24, 2004) (finding that defendant's violation of 49 C.F.R. § 240.305(a)(1) "precludes [plaintiff's] own alleged contributory negligence from being considered in awarding damages."); *Waggoner v. Ohio Cent. R.R., Inc.*, No. 2:06–CV–250, 2007 WL 4615788, at *2 (S.D. Ohio Dec. 31, 2007) (finding that 49 C.F.R. § 240.305(a)(2) is an employee safety statute and thus, "pursuant to 45 U.S.C. § 53, even if Plaintiff were partially to blame for the accident, his negligence cannot be considered by a jury, and damages cannot be apportioned.").

safety statute within the meaning 45 U.S.C. § 53. In *Koger v. Norfolk S. Ry. Co.*, plaintiff was employed as a conductor and was injured when the locomotive on which he was riding derailed after running a red signal. No. 08–0909, 2009 WL 3242068, at *1 (S.D. W. Va. Dec. 9, 2009). Defendant conceded at oral argument that it violated 49 C.F.R. § 240.305 and the court subsequently agreed. *Id.* at *2–3. Crucially, the court held that a defense of comparative negligence was not barred, because the regulation was not a statute "'enacted for the safety of employees.'" *Id.* at 3 (quoting 45 U.S.C. § 53). The court further explained that "[t]here is no case law in support of plaintiff's position that 49 C.F.R. § 240.305 was enacted for the safety of employees and the legislative history does not support plaintiff's argument in this regard." *Id.* (footnotes omitted).

For the foregoing reasons, the Court finds that the defense of contributory negligence is not barred as a matter law. Thus, summary judgment on this issue is granted.

## CONCLUSION

Defendant's Motion for Partial Summary Judgment is denied as to liability under 49 C.F.R. § 240.305 and is granted as to whether Plaintiff's claim under 49 C.F.R. § 240.305 is a strict liability claim as a matter of law.

New Orleans, Louisiana, on this 20th day of September, 2012.

9

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE